IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 621-060 |
| SARAH A. SIZEMORE; ADINA KLOTZ; JOHN SIZEMORE, II; and MITCH KLOTZ, | * * * * | |
| Defendants. | * * | |

**O R D E R**

Presently before the Court is the Parties' consent motion to deposit life insurance proceeds into the registry of the Court, to dismiss Plaintiff, and for payment of attorney's fees and costs to Plaintiff. (Doc. 18.) For the following reasons, the Parties' motion is **GRANTED IN PART and DENIED IN PART**.

**I. BACKGROUND**

This case involves a dispute over life insurance proceeds potentially owed by Plaintiff to one of three separate groups of Defendants: one, Sarah A. Sizemore; two, Adina and Mitch Klotz (together, the "Klotzs"); or three, John Sizemore, II. (Doc. 18.) The Parties state that due to uncertainty as to the proper payee of the insurance proceeds, Plaintiff "may be exposed to double

liability unless the death benefit is paid into the registry of the Court and the correct beneficiary is determined by the Court." (Id. at 1.) Thus, the Parties move to deposit the contested life insurance proceeds into the registry of the Court, to dismiss Plaintiff from this action, and for payment of attorney's fees to Plaintiff. (Id.) All Parties consent to the motion, with Sarah A. Sizemore and the Klotzs crossclaiming. (Id.; Docs. 16, 17.)

## II. DISCUSSION

### A. Motion to Deposit Proceeds and Motion to Dismiss Plaintiff

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." In re Mandalay Shores Coop. Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). There are two stages to an interpleader action. See Ohio Nat'l Life Assurance Corp. v. Langkau ex rel. Estate of Langkau, 353 F. App'x 244, 248 (11th Cir. 2009). First, "the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants.'" Id. (quoting Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009). Second, "the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" Id.

Here, Plaintiff properly brought this interpleader action against Defendants because the claims to the insurance proceeds

2

are adverse and could subject Plaintiff to multiple liability. See Pessoa v. Invesco Inv. Servs., Inc., No. 8:18-cv-266, 2019 WL 2147018, at *2 (M.D. Fla. May 3, 2019). Moreover, Plaintiff is a disinterested stakeholder because it does not claim any interest in the insurance proceeds. See Southtrust Bank of Fla., N.A. v. Wilson, 971 F. Supp. 539, 542 (M.D. Fla. 1997) ("It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case [and] discharged from further liability . . . ." (citation omitted)). Accordingly, upon due consideration, the Parties' motion to deposit funds into the registry of the Court and motion to dismiss Plaintiff from this action is granted.

Federal Rule of Civil Procedure 67 details the procedure for depositing funds into the Court's Registry. It states "[i]f any part of the relief sought is . . . the disposition of a sum of money . . . a party — on notice to every other party and by leave of the court — may deposit with the court all or part of the money . . . ." FED. R. CIV. P. 67(A). All Parties having signed onto this motion, the Court **GRANTS** the Parties' motion and **ORDERS** the Clerk of Court to receive into the registry of this Court payment by Plaintiff Transamerica Life Insurance Company of the insurance proceeds in the amount of $180,000.00. Further, finding Plaintiff to be a disinterested stakeholder and all Parties agreeing to such, Plaintiff shall be dismissed from the lawsuit

3

and discharged from liability once it has deposited the funds into the Court's registry.

**B. Motion for Attorney's Fees and Costs**

Finally, the Parties move to pay attorney's fees to Plaintiff. While "attorneys' fees are justified in many interpleader actions . . . . In certain circumstances . . . courts have determined that attorneys' fees are not warranted." In re Mandalay Shores, 21 F.3d at 383. "One of those circumstances, and the only one relevant here, is when a stakeholder's interpleader claim arises out of the normal course of business." Id. This standard is typically applied to insurance companies because "the costs of these occasional interpleader actions are foreseeable, [and] the insurance company easily may allocate the costs of these suits to its customers." Id.

Plaintiff is an insurance company, and this interpleader claim arises out of its normal course of business. The Court therefore **DENIES** the Parties' motion to pay Plaintiff's attorney's fees.

### III. CONCLUSION

For the reasons set forth above, the Parties' motion to deposit life insurance proceeds into the registry of the Court, as well as the Parties' motion to dismiss Plaintiff from this action, are **GRANTED**. The Clerk shall **ACCEPT** the life insurance proceeds into the Court's registry. Upon such deposit, the Court **ORDERS**

4

the Clerk to **DISMISS WITH PREJUDICE** Plaintiff Transamerica Life Insurance Company as a party to this action without further costs and fees and **ENJOINS** Defendants from further action against Plaintiff in connection with the disputed funds. The Parties' motion to pay Plaintiff's attorney's fees is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of January, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA