IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TRANSAMERICA LIFE INSURANCE
COMPANY,

    Plaintiff,

       v.

SARAH A. SIZEMORE; ADINA KLOTZ;
MITCH KLOTZ; and JOHN SIZEMORE,
II,

    Defendants.

CV 621-060

## O R D E R

Presently before the Court is Defendants Mitch and Adina Klotz's (together, the "Klotzes") motion for summary judgment (Doc. 21) and Defendant Sarah Sizemore's ("Ms. Sizemore") motion for oral hearing (Doc. 29). For the following reasons, the Klotzes' motion is **GRANTED** and Ms. Sizemore's motion is **DENIED**.

## I. BACKGROUND

As explained in the Court's previous Order (Doc. 19), this case involves a dispute over life insurance proceeds potentially owed by Plaintiff to one of three separate groups of Defendants: (1) Ms. Sizemore; (2) the Klotzes; or (3) John Sizemore, II.[1]

---

[1] Defendant John Sizemore has not appeared in this case and has not made any claim to the life insurance proceeds.

(Doc. 18.)   Ms. Sizemore and the Klotzes filed crossclaims, and the Klotzes have moved for summary judgment.   (Docs. 16, 17, 21.)

In November 2003, Decedent John Jeffrey Sizemore, Sr. ("Decedent") completed an Ultima Home Protector Application for life insurance in the amount of $180,000 through Life Investors Insurance Company of America.   (Doc 1, at 2.)   Ms. Sizemore was listed as the wife and primary beneficiary of the plan.   (Id. at 2-3.)   In December 2017, Ms. Sizemore filed an Application for Temporary Order in the District Court of Comanche County, Oklahoma, ("Comanche County Court") as part of her divorce action against Decedent.   (Id. at 3.)   That Court issued an "Automatic Temporary Injunction" ("ATI"), which under Oklahoma law restrains the Parties from "changing or in any matter altering the beneficiary designation on any life insurance policies on the life of either party or any of their children."   (Doc. 17, at 4, 5); Okla. Stat. tit. 43, § 110(A)(1)(b)(4).   But on January 12, 2018, unbeknownst to Ms. Sizemore, "Decedent completed a signed beneficiary change form with TransAmerica Life Insurance Company [("TransAmerica")] changing his primary beneficiary to Adina Klotz," Decedent's daughter.   (Doc. 17, at 4.)   TransAmerica approved the change of beneficiary.   (Id.)

In March 2018, the Comanche County Court "entered certain Temporary Orders and . . . further ordered that the [ATI] would remain in full force and effect."   (Id. at 5.)   In October 2019, "the parties entered into a Decree of Separate Maintenance . . .

2

wherein the parties agreed to the terms and conditions [set] forth in the Decree of Legal Separation." (Id.) "The Decree of Legal Separation was the final legally binding order[] issued by the Court at the time of the pending divorce action." (Id.) Ten days later, the parties "agreed to a Decree of Legal Separation" which was to remain in effect until the divorce was finalized. (Id.)

On October 12, 2020, Decedent passed away. (Id.) Ms. Sizemore submitted a claim to TransAmerica the next day for the receipt of life insurance proceeds, believing she remained the sole beneficiary of the TransAmerica policy. (Id.) However, Defendant Adina Klotz also completed a claimant statement on October 21, 2020 under the belief that *she* was the sole beneficiary of the TransAmerica policy based on the January 12, 2018 change of beneficiary designation. (Id.) Now, the Klotzes crossclaim against Ms. Sizemore on the basis that Defendant Adina Klotz is the rightful beneficiary of the Transamerica policy, (Doc. 16), and the Klotzes move for summary judgment in their favor (Doc. 21). Ms. Sizemore opposes the motion (Doc. 26) and herself crossclaims (Doc. 17), alleging she is the rightful beneficiary of the policy and arguing the Court should deny the Klotzes' motion. The Court addresses the Parties' arguments below.

## II. LEGAL STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to

3

judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are "material" if they could "affect the outcome of the suit under the governing [substantive] law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and a dispute is genuine "if the non[-]moving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001). The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must "draw all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (citation, internal quotation marks, and internal punctuation omitted). The Court may not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

The moving party has the initial burden of showing the Court the basis for its motion by reference to materials in the record. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant may demonstrate an absence of evidence to support the nonmovant's case, or provide affirmative evidence demonstrating the nonmovant's inability to prove its case at trial. Id.

If the movant carries its initial burden, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Id. The non-movant must tailor its response to the method by which the movant carries its initial

4

burden.  For example, if the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated."  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993).  On the other hand, if the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency."  Id. at 1116-17.  The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint.  See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981).  Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk of Court provided all parties notice of the motion for summary judgment, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 24.)  For that reason, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985), have been satisfied.  The time for filing materials in opposition has expired, the issues have been thoroughly briefed, and the motion is now ripe for consideration.

### III. DISCUSSION

The Klotzes move for summary judgment on the grounds that under Oklahoma law, the TransAmerica policy death benefit proceeds "are controlled by the terms of the policy and belong to Adina Klotz." (Doc. 23, at 4.) They claim that even though Decedent was prohibited by the ATI from "altering the beneficiary designation on any life insurance policies on the life of either party," controlling Oklahoma caselaw holds that violation of the ATI during divorce proceedings by a now-deceased policy-owner does not render void the wrongful beneficiary designation. (Id. at 3-6 (citing DeLeon v. Avery, 170 P.3d 1043 (Okla. Civ. App. 2007)). As such, they claim Defendant Adina Klotz is the rightful beneficiary. (Id. at 4.) Ms. Sizemore opposes the motion, arguing that DeLeon is distinguishable and not controlling for a variety of reasons: namely, Ms. Sizemore asked the Comanche County Court for relief in regard to the policy; Decedent agreed to maintain the life insurance policy and beneficiary designation during the period of separate maintenance; and Decedent's January 12, 2018 beneficiary designation change form violated the Comanche County Court's orders and statute proscribing any change to the policy's beneficiary. (Doc. 26, at 2, 4-5.) Ms. Sizemore also argues there are genuine issues of material fact as to whether the Comanche County Court (1) addressed the issue of the rightful beneficiary to the policy and (2) addressed the life insurance policy in its Decree of Separate Maintenance. (Id. at 5-7.) Finally, Ms.

Sizemore argues the Klotzes' motion for summary judgment is premature because the Parties have not had a meaningful opportunity to conduct discovery. (Id. at 7-9.)

## A. Legality of the 2018 Change of Beneficiary Designation

First, the Court must determine whether the 2018 beneficiary change form violated Oklahoma law or the Comanche County Court's orders. Under Oklahoma law, "upon the filing of a petition for dissolution of marriage, annulment of a marriage or legal separation by the petitioner . . . an automatic temporary injunction shall be in effect against both parties . . . restraining the parties from . . . changing or in any manner altering the beneficiary designation on any life insurance policies on the life of either party or any of their children." Okla. Stat. tit. 43, § 110(A)(1)(b)(4). Accordingly, when Ms. Sizemore filed her Application for Temporary Order, she requested the Comanche County Court issue a temporary order to that effect. (Doc. 1-1, at 30-32.) While the temporary order is not in the record, Ms. Sizemore alleges the Comanche County Court did so (Doc. 17, at 4) and Ms. Sizemore's December 9, 2020 "Application for Temporary Injunction" asserts that "on March 5, 2018, the parties appeared for Temporary Hearing and at that hearing, the Court . . . ordered that the [ATI] remain in full force and effect." (Doc. 1-1, at 54.) That ATI allegedly forbade Decedent and Ms. Sizemore from "[c]hanging or in any manner altering the beneficiary designation on any life insurance policies of either party or any

7

of their children" in accordance with the statute. (Id.) The December 9, 2020 Application for Temporary Injunction also asserts Decedent and Ms. Sizemore had previously agreed, in the October 10, 2019 Decree of Legal Separation, "that all other issues in this matter (including the [ATI]) will remain in abeyance until the time of the divorce action in this matter." (Id.) Drawing all reasonable inferences in Ms. Sizemore's favor, the Court concludes the ATI forbade Decedent from changing the beneficiary of his life insurance policies, including the TransAmerica policy, and that he was required by court order to maintain the policy as it existed at the time the ATI was instituted.

Even still, however, the Klotzes are correct that under Oklahoma law, proving Decedent acted in violation of the ATI and Okla. Stat. tit. 43, § 110(A)(1)(b)(4) does not entitle Ms. Sizemore to the TransAmerica policy proceeds. The central issue in DeLeon was "whether DeLeon's change of beneficiary on a life insurance policy during [the] pendency of the marriage dissolution action should be held void because he acted in violation of statute and court order." 170 P.3d at 1044. Finding in the negative, the Court of Civil Appeals of Oklahoma held that even while the divorce court's order and Okla. Stat. tit. 43, § 110(A)(1)(b)(4) forbade a party to a divorce proceeding from changing the beneficiary of his life insurance policy, such change did not affect the marital estate because "[t]he change of beneficiary would not change the ownership of the policy." Id. at 1045. As owner of the policy,

8

Decedent "would have been entitled to the policy's cash value," and "[a]ny cash value remained marital property." Id. As such, the plaintiff in DeLeon (and Ms. Sizemore here) may have had a claim to the cash value of the policy during the dissolution proceedings; she could not, however, establish she was entitled to the *proceeds* of the life insurance policy once the decedent had passed away. Id. The "proceeds of an insurance policy, payable at death, cannot be divided in a dissolution decree because the parties must be alive to be divorced." Id. at 1045-46 (citation omitted). As a result, "even presuming [Decedent] violated the ATI by changing [the] beneficiaries, [Ms. Sizemore] has not demonstrated she suffered such prejudice to any existing right as would entitle her to the relief she request[s]." Id. at 1046. The wrongful beneficiary designation form therefore still controls. Id. at 1045-46.

Ms. Sizemore's arguments to the contrary do not require a different result. First, Ms. Sizemore argues that unlike the DeLeon Plaintiff, she asked for relief with regard to the TransAmerica policy. (Doc. 26, at 4.) Specifically, she "asked that the parties be expressly prohibited from making any changes to existing policies of life insurance in her Application for Temporary Order." (Id.) However, the DeLeon plaintiff also made this request. DeLeon, 170 P.3d at 1044 ("[The plaintiff] filed a Petition for Dissolution of Marriage . . . along with an Application for Temporary Orders. . . . As specifically provided

9

in § 110, the ATI enjoined both parties . . . from 'changing or in any manner altering the beneficiary designation on any life insurance policies of either party or their children.'" (citing Okla. Stat. tit. 43, § 110(A)(1)(b)(4))).   Like Ms. Sizemore, however, the DeLeon plaintiff "did not ask that she be made an irrevocable beneficiary of the policy, nor ask for any other relief in regard to the life policy," which the DeLeon court found cut against ·that plaintiff's claim.   Id.   Like in DeLeon, Ms. Sizemore's request for the statutory prohibition on changing the beneficiary designation in any life insurance policies was not the same as a request to be made an irrevocable beneficiary of the TransAmerica policy, and there is absolutely no evidence the Comanche County Court ordered the same.

Ms. Sizemore's other arguments that she made specific requests beyond the language of her Application for Temporary Order (which aligns with the statutory language of Okla. Stat. tit. 43, § 110(A)(1)(b)(4) also found in DeLeon) are simply not supported by the record. (Doc. 26, at 5-6.)  She stated that she and Decedent "agreed that [they] would maintain the respective life insurance policies [they] had initiated during [their] marriage naming each other as beneficiaries" and that the Separate Maintenance Agreement directed that all matters stayed by the ATI would remain in abeyance. (Doc. 26, at 4; Doc. 26-1, at 4.)  Even drawing all reasonable inferences in her favor, this language does not take Ms. Sizemore's request beyond the language present in DeLeon, which

10

that court affirmed as insufficient to constitute a "specific prohibition to restrain DeLeon's actions" or to have any effect on the marital estate. DeLeon, 170 P.3d at 1045. The DeLeon court made clear that even in spite of the ATI in that case, the dissolution court did not "order DeLeon to maintain [the plaintiff] as beneficiary as part of [the] proceedings." Id. at 1046. As Judge Buettner noted in his special concurrence to the DeLeon decision, "even if changing beneficiaries was specifically prohibited, the only method for determining a penalty for such a violation would have been a citation for contempt filed prior to DeLeon's death, and a retention of jurisdiction by the trial court." Id. at 1046 (emphasis added).

Finally, Ms. Sizemore argues that paragraph four of the Decree of Separate Maintenance "addresses Ms. Sizemore's access to [Decedent's] 'medical benefits' throughout the period of separate maintenance" and that such language incorporated the TransAmerica policy. (Doc. 26, at 5-6.) This argument is plainly contradicted by the record evidence, which shows that in this context, the Decree of Separate Maintenance specifically memorialized an agreement regarding Decedent's "Champ VA Medical Insurance" – not the TransAmerica policy. (Doc. 1-1, at 43.) While the Court is required to draw all reasonable inferences in Ms. Sizemore's favor at this stage of the proceedings, it may not read ambiguities into plainly unambiguous contractual provisions.

11

Even though Decedent apparently acted in violation of the Comanche County Court's ATI, Oklahoma law and the TransAmerica policy are clear: Decedent had the contractual right to change the beneficiary of the policy, and the 2018 change of beneficiary form in this case is controlling. As such, the Klotzes are entitled to summary judgment and their motion for the same must be **GRANTED**.

## B. Whether the Instant Motion is Premature

Second, the Court will address Ms. Sizemore's argument that the Klotzes' motion for summary judgment is premature. The Federal Rules of Civil Procedure permit the filing of a motion for summary judgment at any time after the filing of the complaint. FED. R. CIV. P. 56(b). However, Federal Rule of Civil Procedure 56(d)[2] "allows a district court to deny a summary judgment motion when a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Garner v. City of Ozark, 587 F. App'x 515, 518 (11th Cir. 2014) (internal quotation marks omitted). A motion under this Rule "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." Id. (citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998)). The moving party

---

[2] Effective December 1, 2010, Rule 56(f) was renumbered to 56(d), without any substantial changes to the Rule. See Fed. R. Civ. P. 56, Advisory Committee notes to the 2010 amendments. Any case law herein referring to Rule 56(f) has been altered to 56(d).

must do more than "'rely on vague assertions that additional discovery will produce needed, but unspecified facts,' rather the party must specifically demonstrate how delaying a ruling on the motion will enable it to rebut the movant's showing that there is no genuine issue of material fact." Williams-Evans v. Advance Auto Parts, CV 118-148, 2019 WL 2426443, at *2 (S.D. Ga. June 7, 2019) (quoting Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843-44 (11th Cir. 1989)).

"Whether to grant or deny a [Rule 56(d)] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." Garner, 587 F. App'x at 518 (internal quotation marks and citation omitted). With that burden in mind, the Eleventh Circuit has held: "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) (citing Anderson, 477 U.S. at 250 n.5); see also WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988) (finding the "common denominator" of the Supreme Court's jurisprudence on summary judgment is "that summary judgment may only be decided upon an adequate record").

Here, while Ms. Sizemore argues "the only facts made available to [her] are those of which she already had first-hand knowledge [of] and those contained in the Movants' pleadings," and that she "has only been involved in this case for 35 days during which time

13

discovery could have been conducted," she does not identify any facts she would hope to uncover about what she alleges were the "secretive actions and misrepresentations" at issue here, (Doc. 26, at 7-8.) Nor has she filed an affidavit to any such effect. As described above, the Comanche County Court plainly did not "address[] the beneficiary issue" nor "address[] the life insurance policy in the decree of separate maintenance" beyond the extent to which the trial court did so in DeLeon; as such, Oklahoma law is clear that the 2018 beneficiary change form controls even where Decedent acted in violation of the court's orders. (Doc. 1-1, at 42.)  The Court finds discovery is unnecessary and the Klotzes' motion for summary judgment is not premature.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Klotzes' motion for summary judgment (Doc. 21) is **GRANTED.**  Ms. Sizemore's motion for oral hearing (Doc. 29) is **DENIED.**  The Clerk is **DIRECTED** to **DISTRIBUTE** the Policy proceeds deposited with the Registry of the Court in the amount of $180,000.00, plus any accrued interest, to J. Michael Hall, counsel for the Klotz Defendants, to be distributed in accordance with this Order and the policy terms. The Clerk is **FURTHER DIRECTED** to **ENTER JUDGMENT** in favor of Defendants Mitch and Adina Klotz, **TERMINATE** all other pending motions, if any, and **CLOSE** this case.

      **ORDER ENTERED** at Augusta, Georgia, this _31st_ day of August,

2022.

                                  _____

                                  J. RANDAL HALL, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF GEORGIA